36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony BRUNO, Plaintiff-Appellant,
v.
ALANCO RESOURCES, LTD., By and Through Richard JONES, its
Chairman, and Clarence Stephenson, CPA, its
auditor, Defendant-Appellee.
 No. 93-17200.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Bruno appeals pro se the district court's summary judgment for Alanco Resources, Ltd. in Bruno's action alleging securities law violations, mail and wire fraud, and RICO violations. Bruno contends that: (1) the district court erred by finding that he failed to present any evidence to support his claims against Alanco; and (2) the district court judge was biased against him, and should have recused himself. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 4
 In his complaint, Bruno alleged that Alanco engaged in wire fraud, mail fraud, securities law violations and RICO violations. He did not, however, offer any factual support for these allegations. Rather, he merely made broad conclusory statements. On June 14, 1993, Alanco moved for summary judgment. In support of its motion, Alanco relied on Bruno's deposition in which Bruno admitted that he personally had no information to support the claims or theories in his complaint.
 
 
 5
 Bruno responded to the motion for summary judgment by reiterating his allegations. In addition, Bruno submitted the affidavit of Bernard Lumbert, an associate assisting him in his case. The affidavit, however, did not state a factual basis for Bruno's allegations. Bruno has proffered no evidence in support of his complaint. Moreover, he has not met his burden of demonstrating the existence of a material disputed fact. See Anderson, 477 U.S. at 252. Accordingly, the district court did not err by granting Alanco's motion for summary judgment. See id.
 
 
 6
 Bruno contends that District Court Judge Stephen McNamee was biased against him because: (1) Judge McNamee ordered Bruno's first amended complaint stricken; and (2) Judge McNamee ruled in favor of Alanco on its summary judgment motion. This contention lacks merit.
 
 
 7
 A judge is required to disqualify himself if his impartiality might reasonably be questioned or if he has a personal bias or prejudice against a party. See 28 U.S.C. Secs. 455(a) and (b)(1). Recusal is required only if bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991).
 
 
 8
 Bruno's allegation of bias stem solely from judicial rulings made in the course of the proceedings. See id. Accordingly, Judge McNamee's order striking Bruno's first amended complaint was proper and does not demonstrate bias or prejudice against Bruno. Moreover, the judge's decision in favor of Alanco does not require recusal. See Pau, 928 F.2d at 885.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3